UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cv-680-T-24 EAJ
 8:05-cr-341-T-24EAJ

JAMES LAWRENCE LIGHT

_____/

**ORDER**

This cause comes before the Court on Petitioner's amended Motion to Vacate, Set Aside, or Correct a Sentence under § 2255. (CV Doc. No. 4; CR Doc. No. 95). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

Petitioner was charged in a superseding indictment with distributing 5 grams or more of cocaine base. (CR Doc. No. 28). Petitioner proceeded to a jury trial, where he chose to represent himself. (CR Doc. No. 31). The jury found Petitioner guilty, and the Court sentenced him to 262 months of imprisonment. (CR Doc. No. 45, 53). Petitioner appealed the judgment, and the Eleventh Circuit affirmed this Court on February 28, 2007. (CR Doc. No. 72). More than six years later, Petitioner filed the instant § 2255 motion.

**II. Section 2255 Motion**

Petitioner appears to argue that he was denied effective assistance of counsel at his sentencing. However, because his § 2255 motion is untimely, it must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a

mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner filed the instant § 2255 motion approximately six years after his judgment became final. Therefore, his motion is untimely under 28 U.S.C. § 2255(f)(1). Petitioner, however, argues that his motion is timely under 28 U.S.C. § 2255(f)(3), which allows § 2255 motions to be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review."

Petitioner appears to argue that his ineffective assistance of counsel claim is based on a newly recognized right set forth in the Supreme Court cases of Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Supreme Court did not create a new rule of law in those cases. See In re Perez, 682 F.3d 930 (11th Cir. 2012). As such, the limitations period set forth in 28 U.S.C. § 2255(f)(3) does not apply, and Petitioner's motion is untimely.

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

2

(1) Petitioner's original Motion to Vacate, Set Aside, or Correct a Sentence under § 2255 (CV Doc. No. 1; CR Doc. No. 94) is **DENIED AS MOOT** due to the filing of the amended § 2255 motion.

(2) Petitioner's amended Motion to Vacate, Set Aside, or Correct a Sentence under § 2255 (CV Doc. No. 4; CR Doc. No. 95) is **DISMISSED** as untimely.

(3) The Clerk is directed to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant